NUMBER 13-01-480-CR
& 13-01-481-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 



 

MAX SHAYNE WHITE,                                                          Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                          Appellee.

 



 

                        On appeal from the 252nd District Court

                                of Jefferson County, Texas.

 



 

                                   O P I N I O N

 

                  Before Justices Dorsey,
Hinojosa, and Rodriguez

                                  Opinion by
Justice Dorsey

 








Pursuant to a plea-bargain agreement appellant, Max Shayne White,
pleaded guilty to delivery of a controlled substance (Cause No.
13-01-480-CR).  The trial court deferred
adjudication of guilt and sentenced him to six years' deferred adjudication
community supervision, plus a $750 fine. 
Afterwards he was indicted for possession of a controlled substance
(Cause No. 13-01-481-CR), and the State filed a motion to revoke unadjudicated
community supervision, alleging that appellant violated eight terms and conditions
of community supervision.

At the revocation hearing appellant pleaded not true to count three
and true to counts one, two, six, and seven. 
The State dismissed counts four, five, and eight.  The trial court found counts one, two, six,
and seven true, adjudicated appellant=s
guilt, and sentenced him to five years in prison.

In Cause No. 13-01-481-CR appellant, without a plea bargain, pleaded
guilty to the offense of possession of a controlled substance.  The trial court sentenced him to two years in
a state jail facility.

                                                    Anders= Briefs

Appellant=s counsel has filed an
Anders brief for each case, stating that there exist no arguable points
of error, fundamental or otherwise, upon which appellant could obtain
relief.  The briefs meet the requirement
of Anders v. California, 386 U.S. 738 (1967), because they present a
professional evaluation showing why there exist no arguable grounds for
advancing an appeal.  See Stafford v.
State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).  In compliance with High v. State, 573
S.W.2d 807, 813 (Tex. Crim. App. 1979), counsel has carefully discussed why,
under the controlling authorities, there is no error in the trial court's
judgments.








Upon receiving an Anders brief an appellate court must conduct
"a full examination of all the proceeding[s] to decide whether the case is
wholly frivolous."  Penson v. Ohio, 488 U.S. 75, 80 (1988).  We have carefully reviewed the appellate
record and have found no arguable points of error, fundamental or otherwise,
upon which appellant could obtain relief. 
See Stafford, 813 S.W.2d at 511.  We agree with appellant's counsel that the
appeal is wholly frivolous and without merit.

Counsel has certified that he has given the appellant a copy of his
appellate brief and informed him of his right to examine the record and file a pro
se response or brief in each case. 
To this date appellant has not filed any responses or briefs in either
case.  

We AFFIRM the trial court's judgments. 

 

______________________________

J. BONNER DORSEY,

Justice

 

Do not publish.

Tex. R. App. P. 47.3(b).

 

Opinion delivered and filed

this 27th day of June,
2002.